Firm ID No. 29558

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JAMES L. JONES,** | ) |
| | ) **Case No. 13 CV 8993** |
| Plaintiff, | ) |
| vs. | ) **The Honorable Judge Milton I. Shadur** |
| | ) |
| **DUPAGE COUNTY SHERIFF'S** | ) **Magistrate Judge Mary M. Rowland** |
| **OFFICE,** | ) |
| Defendants. | ) **Jury Demanded** |

## FIRST AMENDED COMPLAINT

**NOW COMES** the Plaintiff, James L. Jones, by and through his Court-appointed attorneys, Darren B. Watts, Esq., and Troy Sphar, Esq., of Swanson, Martin & Bell, LLP, and hereby brings this First Amended Complaint against Defendant, the DuPage County Sheriff's Office, as follows:

## NATURE OF THE CLAIM

1.      James L. Jones brings this action against his former employer, the DuPage County Sheriff's Office (the "DuPage County Sheriff's Office") for retaliation against him after he had brought claims against the Defendant of physical disability discrimination, and the failure to accommodate his disability, all in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff also brings a supplemental, state law claim of breach of contract. In addition, Plaintiff seeks an award of his attorneys' fees, expenses and costs necessary to bring these claims.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and its supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is appropriate in this Judicial District pursuant to 28 U.S.C. 1391(b), insofar as a substantial part of the events or omissions giving rise to the claims of the Plaintiff occurred in the County of DuPage, which located in this Judicial District.

## PROCEDURAL REQUIREMENTS

4.     Plaintiff, James L. Jones, has fulfilled all of the conditions precedent to the initiation of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

5.     Plaintiff timely filed charges of discrimination and of retaliation with the Illinois Department of Human Rights (the "IDHR"). A true and correct copy of those charges filed by Plaintiff with the IDHR are attached hereto as **Exhibit A**, and **Exhibit C** respectively, and are incorporated herein by this reference. The IDHR issued Notice of Right to Sue letters, a true and correct copy of each are attached hereto as **Exhibit B**, and **Exhibit C** respectively, and are incorporated herein by this reference.

## PARTIES

6.   Plaintiff, James L. Jones, is a male citizen of the United States, and currently resides in the territorial jurisdiction of this Judicial District.

7.   Plaintiff was, at all relevant times, employed by the Defendant, the DuPage County Sheriff's Office, as a DuPage County Sheriff's Deputy.   Plaintiff worked under the authority and the control of the DuPage County Sheriff, John E. Zaruba.

2

8.   The DuPage County Sheriff's Office is a public entity recognized and sanctioned pursuant to the laws of the State of Illinois.

## FACTS COMMON TO ALL COUNTS

9.   The prior paragraphs of this First Amended Complaint are hereby expressly incorporated into these factual allegations as if the same were alleged herein.

### A. The Pattern and Practice of Retaliation Against the Plaintiff.

10.   Plaintiff James L. Jones was sworn in as a Sheriff's Deputy for the Defendant, the DuPage County Sheriff's Office, on May 23, 1993.

11.   Thereafter, Plaintiff worked for the DuPage County Sheriff for twenty-one (21) years, until the Defendant's intentional and knowing pattern of retaliation against the Plaintiff due to Plaintiff's known disability, and his prior effort to protect his rights by bringing a disability discrimination claim against the Defendant with the Illinois Department of Human Rights became unbearable.  That intentional pattern of retaliation against the Plaintiff consisted of Defendant's pattern and practice of repeatedly placing Plaintiff in security assignments intended to aggravate his known disability (thereby creating a security and safety risk for the Plaintiff, his fellow security officers, and the Judges, courtroom staff and members of the general public that Plaintiff was assigned to protect), and Defendant's intentional pattern and practice of failing to reasonably accommodate the Plaintiff's known disability through other security assignments that were readily available, and that could have been fulfilled by Plaintiff without the risks arising from his need to climb stairs.  The intent behind the Defendant's pattern of retaliation and the efforts to falsely "make paper" on him, and to force Plaintiff out was reaffirmed by the discriminatory treatment of Plaintiff by the assigning Sargent, Victoria Lackomecki, and her responsive statement to Plaintiff, "Aren't you ready to retire yet?"  That pattern of retaliation and risk became unbearable, and

3

prompted the Plaintiff to take early retirement from the Defendant, which resulted in Plaintiff losing substantial credit toward his pension with the Illinois Municipal Retirement Fund. On information and belief, as of the date of the filing of this First Amended Complaint, Plaintiff still has not received certain payments from Defendant that are due to the Plaintiff.

12.     By way of background, before he was hired by the Defendant, Plaintiff James L. Jones served this Country in the United States Army. While on assignment in Germany, Plaintiff suffered substantial frostbite in his feet, which caused blood cell and nerve damage in his feet, and limited the circulation of blood through Plaintiff's feet. Plaintiff was honorably discharged from the Army.

13.     In spite of the injury that Plaintiff suffered during his military service, he was able to fulfill all of his essential duties as a DuPage County Sheriff's Deputy, including successfully completing the physical training for a position with the DuPage County Sheriff's Department.

14.     Over the course of his employment with the Defendant, Plaintiff was preeminently qualified for many positions and assignments. According to the Sheriff's Office's own personnel reviews of the Plaintiff prior to the pattern of retaliation, Plaintiff performed his job extremely well.

15.     In February of 2000, Plaintiff was promoted to the Rapid Action Unit ("RAP"), where he served as a member of the Rapid Action Force. During his tenure as a Sheriff's Deputy, Plaintiff handled numerous Rapid Action Force assignments.

16.     Over the years, Plaintiff served as a corrections officer, a screening deputy in a courtroom, and as a Court Security Officer with the Court Security Division of the DuPage County Sheriff's Department.

4

17.     The Defendant has explained the important role that the Court Security Officers provide for the courts located in the 18th Judicial Circuit Court, which are visited by more than 1.3 million people each year.  The Deputies assigned to court security are responsible for:

> The protection of the judiciary, the general public and all parties of a trial, the custody of all inmates involved in court proceedings, serving warrants, summons, orders of protection and other legal documents, and responding to incidents anywhere within the Judicial Office Facility.

> Deputies assigned to court security staff the first floor entrance security screening in the Judicial Office Facility as well as its thirty-eight courtrooms.

> They are also responsible for the security of four satellite courts in Addison, Downers Grove, Glendale Heights and Wheaton, as well as the Grand Jury courtroom.

> As a collateral duty some court security deputies staff an emergency response team that is ready to respond to unusual or dangerous incidents in the courthouse.

See generally,, www.DuPage.com.

18.     Defendant also holds itself out as an office that "will recognize the worth, quality, diversity and importance of each other, the people we serve and our Office" and "will be honest and forthright and meet the highest ethical standards."  See also www.DuPage.com at Department's Code of Ethics.

19.     Over the course of his employment with the Defendant, Plaintiff was provided with positive feedback from the Judges that he was assigned to protect, and positive reviews by the Defendant until the pattern of retaliation against him started.

20.     Over the years, Plaintiff repeatedly refused Sheriff John E. Zaruba's repeated invitations and requests that Plaintiff contribute money to the Sheriff's political campaign fund, and to the Sheriff's re-election funds.

21.     When Plaintiff informed a member of the Sheriff's staff, Sargent Cory Orphan, that he could not support the Sheriff financially, but worked hard for the Sheriff in his position as a Sheriff's Deputy, Sargent Orphan replied to the Plaintiff that his good work meant nothing to the Sheriff. Sargent Orphan also told Plaintiff, "You're not a friend of the Sheriff." Sargent Orphan subsequently played a significant role in the pattern of retaliation against Plaintiff.

22.     Thereafter, Plaintiff quietly supported the efforts over the years to advance the collective bargaining rights of the Deputy Sheriffs for DuPage County.

23.     Over the years, the Veteran's Administration ("VA") had determined that Plaintiff's disability from the frostbite injury had advanced, and that his disability was making it difficult and much more painful for the Plaintiff to walk flights of stairs.

24.     Plaintiff apprised the DuPage County Sheriff's Department of his disability and need for a reasonable accommodation consisting of security assignments that did not require walking substantial flights of stairs. The Defendant had numerous security assignments that would not require Plaintiff to walk flights of stairs in order to fulfill his duties as a court security officer.

25.     In May of 2010, Plaintiff specifically requested an accommodation by the DuPage County Sheriff's Department that he not be assigned to the JOF Base because of his disability, and difficulty that he would face in climbing the stairs on that assignment. There were numerous other assignments that the Department could have given to Plaintiff; however, Plaintiff's request angered Sargent Thomas Hoffman, who directed Plaintiff to leave work immediately, and not return to work without a doctor's note.

26.     Plaintiff then set an appointment with his private doctors, who directed Plaintiff that based on his disability, he should avoid stairs for three weeks, a requirement for the JOF Base assignment.

6

27.     Plaintiff subsequently provided that Doctor's Note to Sargent Hoffman, and followed his Doctor's direction to avoid stairs for three weeks.

28.     In spite of Sargent Hoffman's express direction to Plaintiff to obtain a Doctor's Note and receiving that Doctor's Note and medical direction, Sargent Hoffman retaliated against Plaintiff by advising him later in the week that Plaintiff was being marked down as a "no call/no show." This was part of the pattern to falsely "make paper" on Plaintiff to use in firing him.

29.     Thereafter, upon the Plaintiffs' return to work after the three weeks, the DuPage County Sheriff's Department further retaliated against Plaintiff by promptly reassigning him to the JOF Base, where Plaintiff was again forced to walks flights of stairs. There were many other assignments Plaintiff could have been given to reasonably accommodate his disability.

30.     In 2010, Plaintiff's son was diagnosed with a kidney disease that required his son to receive a kidney transplant. Consequently, Plaintiff and his family members started the medical testing to determine whether anyone in his family was a match for donating a kidney to Plaintiff's son.

31.     Consequently, Plaintiff had to take time off from work to undergo the numerous medical tests to determine whether he was a match to provide his son with a kidney transplant. He was. This result required Plaintiff to take more time off for further testing and screening which confirmed that Plaintiff was the best match and source for his son's kidney transplant.

32.     Consequently, in February of 2013, Plaintiff took additional time off from the Defendant to undergo kidney transplant surgery for his son. That transplant surgery was a success, and Plaintiff's son is doing well.

33.     The testing, transplant surgery and post-transplant treatment required Plaintiff to take a substantial number of sick days from the DuPage County Sheriff's Department.

7

34. Previously, the Majors who were within Plaintiff's chain of command had allowed him to work other days and shifts to earn "comp" time to make up for his days off, and to submit his request slips for time off in writing and in advance.

35. After those Majors retired, Plaintiff was required to submit his requests for time off directly to the assigned Sargent, Vicki Lackomecki. When Plaintiff sought time off for treatment relating to his disability and post-transplant treatment, Sargent Lackomecki denied it, and stated to Plaintiff, "Aren't you ready to retire yet?"

36. Further, as part of the pattern of retaliation against Plaintiff, Defendant would require Plaintiff to arrive at the main Court facility to receive his assignment that day at one of the other satellite courts, whereupon Plaintiff was forced to drive frantically to the branch court in an effort to start his security shift on time. Prior to the pattern of retaliation, Plaintiff would receive these satellite court assignments the night before so that he could drive straight to the assignment and start on time.

37. Subsequently, Plaintiff sought time off for additional medical testing for his disability by submitting the request to Sargent Lackomecki. Sargent Lackomecki denied it, and in response to Plaintiff's request of why?, Sargent Lackomecki responded that "the Sheriff told me treat you like assholes because you had a union."

38. That intentional and knowing pattern of retaliating against Plaintiff, the pattern of failing to reasonably accommodate the Plaintiff's disability, and the pattern of giving Plaintiff discriminatory job assignments violated the policies of the DuPage County Sheriff's Office, and jeopardized the health and welfare of the Plaintiff, his fellow officers, the Judges, their staff, and the public at large.

8

39. As part of the pattern of retaliation against Plaintiff and the plan to falsely "make paper" on Plaintiff to fire him, Sargent Orphan prepared a written, Personal Performance Review for Plaintiff bearing a score of "40". On information and belief, this was the lowest score provided to a Deputy Sheriff on First Watch for Court Security, and was in retaliation for Plaintiff's charges of discrimination against Defendant, and part of an effort to falsely "make paper" on Plaintiff to fire him.

40. Plaintiff requested a copy of that written, Personal Performance Review bearing a score of 40. Sargent Orphan denied Plaintiff's request, contrary to the policy of the Defendant, and Plaintiff's rights under the law.

41. After Plaintiff filed the present Lawsuit on a *pro se* basis, he was subsequently served with new version of the Personal Performance Review for the same time period; however, in this new version, Plaintiff was given a new, substantially higher score of a "67."

42. On information and belief, the DuPage County Sheriff's Department had determined that the original, Personal Performance Review of Plaintiff prepared by Sargent Orphan, and bearing a score of 40 had gone too far in "making paper" to fire Plaintiff, and was destroyed and replaced by a new, more reasonable Personal Performance Review with a more reasonable score of 67. On further information and belief, in the event that the DuPage County Sheriff's Department has destroyed the original, Personal Performance Review of Plaintiff bearing a score of 40, it may have committed spoliation of evidence. Discovery is necessary.

43. The Defendant's pattern of retaliation and treatment of Deputy James L. Jones is humiliating to him given his extensive training, experience and expertise, and has resulted in a waste of taxpayers' investment in his professional development.

9

44. This pattern is contrary to the law, and the representations that Defendant makes to the general public as seeking "to provide the highest level of law enforcement possible" by, among other things,

> "Preserving and protecting life, property and the right of all citizens to live in peace," "Enforcing the laws of the State of Illinois and the county of DuPage in a fair and impartial manner," "Supporting a positive and innovative working environment for all of our members," and "Maintaining only the highest standards of professionalism, integrity and efficiency."

*See e.g.,* www.DuPage.com at "About DuPage."

45. The Defendants' pattern of retaliation against Plaintiff is in violation of his rights under the law, the policies and Code of the Department, constructively discharged Plaintiff and has caused Deputy James L. Jones to announce his retirement in 2014, much earlier that he had planned, and resulting in Plaintiff losing substantial pension benefits.

46. On information and belief, as of the date of the filing of this First Amended Complaint, Plaintiff still has not received certain payment from Defendant that are owed to him due to his service as a Sheriff's Deputy.

**B.** **The Defendants' Pattern and Practice of Retaliation Against Other Officers.**

47. The Defendant, by and through the DuPage County Sheriff, John E. Zaruba, is alleged to have committed a pattern of retaliation against numerous other employees who also have sought to address their rights, including the right to be free of discrimination, the right to exercise their rights of free speech, and the right to support a union.

48. *See e.g., Mitter v. County of DuPage, et al.,* 13-cv-841 (U.S. Dist. Ct., N.D. IL, the Honorable Judge Andrea Wood, presiding), which is incorporated herein by this reference.

49. *See also Williams v. Sheriff John Zaruba, et al.,* 13-cv-8422 (U.S. Dist. Ct., N.D. IL, the Honorable Judge John Darrah, presiding), which is incorporated herein by this reference.

50.     *See also Coolidge v. Sheriff John Zaruba, et al.*, 13-cv-1568 (U.S. Dist. Ct., N.D. IL, the Honorable Judge Virginia Kendall, presiding), which is incorporated herein by this reference.

## COUNT I

### Retaliation In Violation of the Americans With Disabilities Act

51.     Plaintiff expressly restates and incorporates Paragraphs 1 through 50 of this First Amended Complaint as if they were fully set forth here as part of this Count I.

52.     The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended, prohibits discrimination against people with disabilities in employment, transportation, public accommodation, communications, and governmental activities. The Act also prohibits retaliation against an individual who has tried to protect his or her rights protected by the Act.

53.     Plaintiff is a "qualified individual with a disability" as defined by 42 U.S.C § 12131(2).

54.     Defendant was aware of Plaintiff's disability, his doctor's assessment of his disability, and the need to provide Plaintiff with a reasonable accommodation in his Court Security assignments during the course of his employment with Defendant.

55.     Plaintiffs request for a reasonable accommodation by Defendant was ignored.

56.     After Defendant began to discriminate against Plaintiff due to his disability, Plaintiff timely filed charges of discrimination with the Illinois Department of Human Rights.

57.     After Plaintiff filed his charges of discrimination with the Illinois Department of Human Rights, Defendant began a pattern of conduct of retaliation against the Plaintiff due to his

disability and his activity protected by law, including but not limited to Plaintiff's act of filing his discrimination claim.

58.    As part of that pattern of retaliatory conduct, Defendant repeatedly placed Plaintiff in security assignments with stairs that were intended to aggravate Plaintiff's known disability, and in direct defiance of Plaintiff's request for a reasonable accommodation.

59.    As part of the Defendant's pattern of retaliatory conduct, Defendant repeatedly created a security and safety risk for the Plaintiff, his fellow security officers, and for the Judges, the courtroom staff and the members of the general public that Plaintiff was assigned to protect.

60.    Defendant continued this pattern of retaliatory security assignments given to Plaintiff even through other, better accommodating security assignments without stairs were readily available to place Plaintiff in, and which Plaintiff could have readily fulfilled to the security level required.

61.    After Defendant persisted in its acts of retaliation against the Plaintiff due to his disability and his prior IDHR claim, Plaintiff timely filed charges of retaliation with the Illinois Department of Human Rights.

62.    Thereafter, Defendant continued in its pattern of retaliatory conduct against Plaintiff, including efforts to falsely "make paper" on Plaintiff to support a wrongful firing of the Plaintiff.

63.    As part of that continued pattern of retaliatory conduct against Plaintiff, Sargent Thomas Hoffman directed Plaintiff to leave work immediately, and not return without a Doctor's Note.  After Plaintiff followed those directions and provided Sargent Hoffman with the requested Doctor's Note, Sargent Hoffman advised Plaintiff that he was being marked down as a "no call/no show."

64. As part of that continued pattern of retaliatory conduct against Plaintiff, Sergent Hoffman subsequently reassigned Plaintiff upon his return from leave to the same security assignment with stairs.

65. Sergent Victoria Lackomecki affirmed the intent and purpose of the Defendants pattern of retaliatory conduct in her responsive statement to Plaintiff, "Aren't you ready to retire yet?"

66. As part of that continued pattern of retaliatory conduct against Plaintiff and the effort to falsely make paper to fire him, Sergent Cory Orphan prepared a Personal Performance Review for Plaintiff bearing a score of "40," which was, on information and belief, the lowest score provided to a Deputy Sheriff on First Watch for Court Security.

67. Plaintiff requested a copy of that written, Personal Performance Review bearing a score of 40. The Sergent denied Plaintiff's request for a copy, contrary to the policy of the Defendant, and Plaintiff's rights under the law.

68. After Plaintiff filed the present Lawsuit on a *pro se* basis, he was subsequently served with new version of the Personal Performance Review for the same time period; however, in this new version, Plaintiff was given a substantially higher score of a "67."

69. On information and belief, the DuPage County Sheriff's Department had determined that the original, Personal Performance Review of Plaintiff and the effort to make paper bearing a score of 40 had gone too far. On information and belief, Defendant may have destroyed the Personal Performance Review with a score of 40. On further information and belief, in the event that the original, Personal Performance Review of 40 was destroyed, it may constitute an act of spoliation of evidence. Discovery is needed.

13

70.     The pattern of retaliation and risk became unbearable, constituted a constructive discharge and prompted the Plaintiff to take early retirement from the Defendant. That early retirement resulted in Plaintiff losing substantial credit toward his pension with the Illinois Municipal Retirement Fund.

71.     Based on the pattern of retaliation against Plaintiff, Defendant discriminated against Plaintiff on the basis of his disability, and denied Plaintiff the full and equal enjoyment of its services, facilities, privileges, advantages, and accommodations, in violation of 42 U.S.C. § 12182, and the Act's implementing regulations at 28 C.F.R. Part 36, including, but are not necessarily limited to:

a) Retaliating against Plaintiff, on the basis of his disability, and his discrimination claims, and denying Plaintiff the opportunity to participate in the services, facilities, privileges, advantages, or accommodations of the Defendant in violation of 42 U.S.C. § 12182(b)(1)(A)(i), and its implementing regulation, 28 C.F.R. § 36.202(a);

b) Retaliating against Plaintiff, on the basis of his disability, and his discrimination claims, by utilizing standards or criteria of methods of administration that had the effect of discriminating and retaliating against Plaintiff on the basis of his disability, in violation of 42 U.S.C. § 12182(b)(1)(D)(i), and its implementing regulation, 28 C.F.R. 42 § 36.204.

c) Retaliating against Plaintiff, on the basis of his disability, and his discrimination claims, by imposing assignments on Plaintiff that failed to accommodate his disability and denied him the right to fully and equally enjoy the services, facilities, privileges, advantages, or accommodations of Plaintiff in violation of 42 U.S.C. § 12182(b)(2)(A)(i), and its implementing regulation, 28 C.F.R. § 36.301(a);

14

d)  Retaliating against Plaintiff, on the basis of his disability, and his discrimination claims, by failing to make reasonable modifications in policies, practices, and procedures when the modifications were necessary to avoid discrimination against Plaintiff on the basis of disability, in violation of 42 U.S.C. § 12182(b)(2)(A)(iii), and its implementing regulation, 28 C.F.R. § 36.302; and

e)  Retaliating against Plaintiff, on the basis of his disability, and his discrimination claims, by excluding or otherwise denying Plaintiff equal services, facilities, privileges, advantages, accommodations, or other opportunities to Plaintiff, in violation of 42 U.S.C. § 12182(b)(1)(E) and its implementing regulation, 28 C.F.R. § 36.205.

The aforementioned conduct constitutes a violation of the Americans with Disabilities Act as Plaintiff was retaliated against and treated differently than other non-disabled employees due to his disability in violation of 42 U.S.C. § 12101, *et seq.*

**WHEREFORE,** Plaintiff prays for a judgment against Defendant as follows:

A.  Grant judgment in favor of the Plaintiff and declare that the Defendant violated Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36;

B.  Award monetary damages to Plaintiff in an appropriate amount, including damages for pain and suffering;

C.  Assess a civil penalty against the Defendant as authorized by 42 U.S.C. § 12188(b)(2)(C), to vindicate the public interest;

D.  Award Plaintiff reasonable attorneys' fees and costs; and

E.  Order such other appropriate relief as the interests of justice require.

15

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACT
### (By the DuPage County Sheriff)

72.     Plaintiff expressly restates and incorporates Paragraphs 1 through 71 of this First Amended Complaint as if they were fully set forth as part of this Count II.

73.     Plaintiff James L. Jones had valid and enforceable contract with the DuPage County Sheriff's Department.

74.     Defendant at all times relevant to the allegations and claims in this Complaint, engaged in intentional and unjustified conduct aimed at retaliating against Plaintiff falsely making paper against Plaintiff to fire him, and inciting and inducing Plaintiff to quit his employment.

75.     As a direct and proximate result of Defendants intentional and unjustifiable conduct directed towards Plaintiff, causing Plaintiff to suffer significant pecuniary loss from the benefits of his contract.

76.     As a direct and proximate result of Defendants purposeful interference, Plaintiff has suffered substantial pecuniary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment on its behalf and against Defendant on Plaintiff's claim of breach of Contract, as follows:

a.     Ordering Defendant to repay to Plaintiff an amount equal to any and all of the compensatory damages and pecuniary losses incurred by Plaintiff that may be proven at trial, plus interest;

b.     Ordering Defendant to repay to Plaintiff an amount equal to any and all of the consequential damages to Plaintiff that may be proven at trial, plus interest;

d.     Ordering a hearing in the Lawsuit for Plaintiff to establish that he should be granted leave to Amend this Complaint to add a prayer for relief seeking punitive damage; and

16

e.     Awarding Plaintiff any and all such other and further relief this Court may deem

appropriate.


Respectfully submitted,

**JAMES L. JONES**


By: /s/ Darren B. Watts
One of his Attorneys

Darren B. Watts, Esq. (ARDC #6197441)
Troy Sphar, Esq. (ARDC # 6278497)
**Swanson, Martin & Bell, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611-3604
MN:    (312) 321-9100
FAX:   (312) 321-0990
Firm I.D. No. 29558

# EXHIBIT A

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Sheriff Zaruba<br>DUPAGE COUNTY SHERIFF OFFICE<br>501 N County Farm Rd<br>Wheaton, IL 60187 | **James L. Jones** |

PERSON FILING CHARGE

**James L. Jones**

THIS PERSON (*check one or both*)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**440-2012-03712**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by
to
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Susan L. Smith,**
**Investigator**

*EEOC Representative*

*Telephone*  **(312) 869-8038**

**Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**
**Fax: (312) 869-8220**

Enclosure(s):  [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [X] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| June 4, 2012 | **John P. Rowe,**<br>**District Director** | |

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: **Illinois Department Of Human Rights**
100 West Randolph Street
Floor 10-100
Chicago, IL 60601

Date **June 4, 2012**

EEOC Charge No.
440-2012-03712

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **James L. Jones** | v. | **DUPAGE COUNTY SHERIFF OFFICE** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC   ☐ _____ on **June 4, 2012**

*Name of FEPA*          *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver          ☐ FEPA waives

☐ No waiver requested          ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

ILL DEPT OF HUMAN RIGHTS

JUN 0 4 2012

RECEIVED

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **John P. Rowe, District Director** | |

| **James L. Jones** | v. | **DUPAGE COUNTY SHERIFF OFFICE** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Rocco J. Claps, Director** | |

TO: **Chicago District Office**
500 West Madison St
Suite 2000
Chicago, IL 60661

Date **June 4, 2012**

EEOC Charge No.
440-2012-03712

FEPA Charge No.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2012-03712 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. James L. Jones | (630) 546-7623 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 349 Knight Ct., Bolingbrook, IL 60440 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DUPAGE COUNTY SHERIFF OFFICE | 500 or More | (630) 407-2085 |

| Street Address | City, State and ZIP Code |
|---|---|
| 501 N County Farm Rd, Wheaton, IL 60187 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest                    Latest<br>                           05-21-2012 |
| ☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or about May 23, 1993. My current position is Deputy Sheriff. Respondent is aware of my disability. During my employment, I have been subjected to different terms and conditions of employment, including, but not limited to, not being allowed to request time off for doctors' appointments.

I believe I have been discriminated against because of my disability and in retaliation, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED

JUN 0 4 2012

CHICAGO DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jun 04, 2012          [signature]<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT B

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | James L. Jones<br>349 Knight Ct.<br>Bolingbrook, IL 60440 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative<br>Susan L. Smith,<br>Investigator | Telephone No. |
|---|---|---|
| 440-2012-03712 | | (312) 869-8038 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_John P. Rowe_                     6/6/13

John P. Rowe,
District Director
(Date Mailed)

Enclosures(s)

cc:     **DUPAGE COUNTY SHERIFF OFFICE**

# EXHIBIT C

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Beth Angus<br>Sheriff's Secretary<br>DUPAGE COUNTY SHERIFF OFFICE<br>501 N County Farm Rd<br>Wheaton, IL 60187 | **PERSON FILING CHARGE**<br><br>**James L. Jones**<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**440-2013-05811** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)  [ ] The Equal Pay Act (EPA)  [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)  [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by
  to
  If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Gloria M. Mayfield,**<br>**Investigator**<br><br>*EEOC Representative*<br><br>*Telephone*  **(312) 869-8028** | **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661**<br>**Fax: (312) 869-8220** |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [X] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **September 18, 2013** | **John P. Rowe,**<br>**District Director** | *John P. Rowe* |

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO:  **Illinois Department Of Human Rights**
**100 West Randolph Street**
**Floor 10-100**
**Chicago, IL 60601**

Date  **September 18, 2013**
EEOC Charge No.
**440-2013-05811**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **James L. Jones** | v. | **DUPAGE COUNTY SHERIFF OFFICE** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the

☒ EEOC  ☐ _____ on **09-18-2013**
*Name of FEPA*  *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver  ☐ FEPA waives

☐ No waiver requested  ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

*ILL DEPT OF HUMAN RIGHTS*
*SEP 18 2013*
*RECEIVED*

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **John P. Rowe, District Director** | *John P. Rowe* |

| **James L. Jones** | v. | **DUPAGE COUNTY SHERIFF OFFICE** |
|---|---|---|
| *Charging Party* | | *Respondent* |

## TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Rocco J. Claps, Director** | *Pamela Smith* |

TO:  **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

Date  **September 18, 2013**
EEOC Charge No.
**440-2013-05811**

FEPA Charge No.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 440-2013-05811 |

| | Illinois Department Of Human Rights | and EEOC |
|---|---|---|
| | *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| James L. Jones | (630) 546-7623 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 349 Knight Ct., Bolingbrook, IL 60440 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| DUPAGE COUNTY SHERIFF OFFICE | 500 or More | (630) 407-2015 |

| Street Address | City, State and ZIP Code |
|---|---|
| 505 N County Farm Rd, Wheaton, IL 60187 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                  09-12-2013

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above named Respondent on or around May 23, 1993. My current position is Deputy Sheriff. Respondent is aware of my disability. On or about June 4, 2012, I filed a charge of discrimination with EEOC (Charge Number: 440-2012-03712). Subsequently, I have been subjected to different terms and conditions of employment in that I have been removed from my permanent assignment (2009) when work was still available.

I believe that I have been discriminated against because of my disability and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED EEOC

SEP 1 8 2013

EEOC DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Sep 18, 2013          *[signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

# EXHIBIT D

EEOC Form 161 (11/09)

U.S. **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: James L. Jones<br>349 Knight Ct.<br>Bolingbrook, IL 60440 | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2013-05811 | **Gloria M. Mayfield,**<br>**Investigator** | **(312) 869-8028** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_John P. Rowe_      9/25/2013

Enclosures(s)

**John P. Rowe,**
**District Director**     (Date Mailed)

cc: **DUPAGE COUNTY SHERIFF OFFICE**
c/o Beth Angus
**Sheriff's Secretary**
**501 N County Farm Rd**
**Wheaton, IL 60187**